UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ANNE PETERS, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | CASE NO: 13-64673-MGD |

**SECOND AMENDED CHAPTER 13 PLAN**

Extension (  )                                                                          Composition (XX)

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor proposes this Chapter 13 Plan:

1. Submission of Income. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. Plan Payments and Length of Plan. Debtor will pay the sum of **$553.00** per month to Trustee by [ ] Payroll Deduction(s) or by [**XX**] Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

____ If checked, Plan payments to increase by $_____on or around _____upon completion or termination of _____.

3. Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. Administrative Claims. Trustee will pay in full the allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

  (A). **Trustee Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

  (B) **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of **$4,500.00**. The base fee includes, but is not limited to, all anticipated services identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. The amount of **$0.00** was paid prior to the filing of the case. The balance of the fee shall be disbursed by the Trustee as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to **$4,500.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to **$420.00** per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed **$4,500.00**, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

5. Priority Claims.

  (A).  Domestic Support Obligations.

   **X** None.  If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows.  See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

    _____
    _____

   (iii).  Anticipated Domestic Support Obligation Arrearage Claims

    (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   **X** None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly<br>arrearage payment |
|---|---|---|
| **NONE** | | |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

**X** None; or

Claimant and Proposed Treatment:

(B). Other Priority Claims (e.g., tax claims). These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Creditor | (a) Estimated claim |
|---|---|
| **Internal Revenue Service** | **$1.00** |
| **Georgia Department of Revenue** | **$1.00** |

1. Secured Claims.

(A). Claims Secured by Personal Property Which Debtor Intends to Retain.

(i). <u>Pre-confirmation adequate protection payments</u>. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

___ directly to the creditor; or

**X** to the Trustee pending confirmation of the plan.

3                                                                                                          04.14.08

| (d) Creditor | (e) Collateral | (f) Adequate protection payment amount |
|---|---|---|
| **NONE** | | |

(ii). <u>Post confirmation payments</u>. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). <u>Claims to Which § 506 Valuation is NOT Applicable</u>. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

**X** None; or

| Creditor | (g) Collateral | (h) Purchase date | (i) Claim amount | (j) Interest rate | (k) Monthly payment |
|---|---|---|---|---|---|
| **NONE** | | | | | |

(b). <u>Claims to Which § 506 Valuation is Applicable</u>. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

**X** None; or

| (l) Creditor | (m) Collateral | (n) Purchase date | (o) Replacement value | (p) Interest rate | (q) Monthly payment |
|---|---|---|---|---|---|
| NONE | | | | | |

(c). Other provisions.

(B). Claims Secured by Real Property Which Debtor Intends to Retain.  Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (r) Creditor | (s) Property description | (t) Estimated pre-petition arrearage | (u) Projected monthly arrearage payment |
|---|---|---|---|
| Wells Fargo | Primary Residence 135 Blue Heron Lane Alpharetta GA 30009 | $25,075.00 | **$100.00 Payment to increase to $520.00 July 2014** |
| Wells Fargo | Rental Property 230 Blue Heron Lane Alpharetta GA 30009 | $0.00 | $0.00 |

(C). Surrender of Collateral. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured.  Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtors' state law contract rights.

| (v) Creditor | (w) Collateral to be surrendered |
|---|---|
| Real Time Resolutions, Inc agent for JPMorgan Chase Bank, NA | Rental Property 9660 Loblolly Lane Roswell GA 30075 |

7. Unsecured Claims. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$0.00**.  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$0.00** or **0%**, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. Executory Contracts and Unexpired Leases. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

**X** None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be made directly by Debtors | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| **NONE** | | | |

9. **Property of the Estate.**  Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

    (A). Special classes of unsecured claims.

    (B). Other direct payments to creditor.

(C). <u>Other allowed secured claims</u>: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with <u>0%</u> interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim

(D). <u>Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)</u>: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

| (a) Creditor | (b) Case No. | (c) Claim Amount |
|---|---|---|
| **NONE** | | |

(E) **Any tax refund that is issued to the Debtor(s) during the applicable commitment period shall be paid into the Chapter 13 case. Further, the Debtor(s) instructs and authorizes the Internal Revenue Service or any other applicable tax agency to send any refund issued during the applicable commitment period directly to the Chapter 13 Trustee.**

F) **Any creditors that are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to Debtor at the mailing address on record with the Bankruptcy court**.

(G) **Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and that the Debtor will pay these post-petition expenses directly to their mortgage holder/servicer unless they are disallowed by Order of the Court.**

_____/s/  Anne Peters_____                         Dated: January 10, 2014
**ANNE PETERS (Debtor)**


_____/s/_Leonard R. Medley, III  _                     Dated: January 10, 2014
**Leonard R. Medley, III**,
*Attorney for Debtor*
Georgia Bar No. 500685
Medley & Kosakoski, LLC
Suite 850
2839 Paces Ferry Road
Atlanta, GA 30339
(770) 319-7592: (Telephone)
(770) 319-7594: (Facsimile)
Email: leonard@mkalaw.com

04.14.08