**IT IS ORDERED as set forth below:**



**Date: June 5, 2015**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 13-64673-MGD |
| | § | |
| ANNE PETERS, | § | |
|     Debtor | § | CHAPTER 13 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|     Movant | § | CONTESTED MATTER |
| | § | |
| v. | § | |
| | § | |
| ANNE PETERS; MARY IDA | § | |
| TOWNSON, Trustee | § | |
|     Respondents | § | |

**AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR**

Came on for consideration the Motion for Relief from Stay, set for hearing on June 9, 2015, filed by WELLS FARGO BANK, N.A., (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1.  **Automatic Stay:**  The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2.  **Current Monthly Payments:**  Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning June 1, 2015, and continue said payments thereafter pursuant to that certain Note and Security Deed dated September 7, 2005.

3.  **Additional Payments**:  In addition to the payments set forth above, Debtor shall cure post-petition arrearage and pay attorney's fees and cost in the total amount of $15,300.13.  Said total amount consists of post-petition payments for the months of August 1, 2013 through May 1, 2015 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $715.08 X 12 | $8,580.96 |
| Monthly Payment Amount | $724.92 X 10 | $7,249.20 |
| Attorney's Fees & Costs | | $0.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $15,830.16 |
|    Payment Received | | $0.00 |
|    Payment to be Received | | $0.00 |
|    Debtor Suspense | | $530.03 |
| Total Balance Due Less Payment Received | | $15,300.13 |

The total amount due shall be paid directly to Movant in 12 payments beginning June 15, 2015 as indicated below:

Payments shall be remitted to the following address:
AMERICA'S SERVICING COMPANY
CASH MGT MGR - MAC # X2302-04C
1 HOME CAMPUS
DES MOINES, IA  50328
Attention: Bankruptcy Department

1. $1,275.01   06/15/2015
2. $1,275.01   07/15/2015
3. $1,275.01   08/15/2015
4. $1,275.01   09/15/2015
5. $1,275.01   10/15/2015
6. $1,275.01   11/15/2015
7. $1,275.01   12/15/2015

      8.  $1,275.01    01/15/2016
      9.  $1,275.01    02/15/2016
    10. $1,275.01    03/15/2016
    11. $1,275.01    04/15/2016
    12. $1,275.02    05/15/2016

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4.     **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5.     **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Security Deed shall become immediately payable to Movant.

6.     **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

7.     **Default**: At anytime after entry of this Order, should the Movant fail to receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice to Debtor, Counsel for Debtor, and Trustee at the address set forth on the Distribution List attached to this Order and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Debtor

shall be presume to have received the delinquency notice as of the 5th calendar day following the mailing of the notice. Cure payments must be made by certified funds only. In the event Debtor fails to cure such delinquent payments within such 10-day period or in the event Debtor becomes delinquent after **two (2)** notices of default, Movant may obtain on order modifying the Automatic Stay of 11 U.S.C. 362 after submitting a Delinquency Motion pursuant to the Delinquency Motion Paragraph and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the property described as follows:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 1256 OF THE 2ND DISTRICT, 2ND SECTION, FULTON COUNTY, GEORGIA, BEING LOT 57, OF WEDGEWOOD SUBDIVISION, UNIT FIVE AS PER PLAT THEREOF RECORDED IN PLAT BOOK 176, PAGE 142, FULTON COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART OF THIS DESCRIPTION.

> Also known as 135 Blue Heron Lane, Alpharetta, GA 30004

8. **Delinquency Motion**: If Debtor fails to cure the delinquency pursuant to the Default Paragraph, Movant may present to the Court, after service on Debtor and Debtor's Counsel, a motion containing specific allegations of the delinquency, a copy of the Delinquency Notice sent pursuant to the Default Paragraph, and a proposed order. The Motion may be accompanied by an affidavit from the Movant alleging the default. Upon presentation to the Court, the Court may enter an order modifying the stay without hearing.

9. **Foreclosure Sale Proceeds**: Upon completion of any foreclosure sale, any funds in excess of Movant's claim under the Note and Security Deed, and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law, shall be remitted to the Trustee for the benefit of the estate.

It is Further Ordered that in the event relief from stay is granted pursuant to this order, the chapter 13 trustee is authorized, at that time, to cease funding Movants arrearage claim.

END OF DOCUMENT

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
LEVINE & BLOCK, LLP

BY:   /s/ RONALD LEVINE                              /s/ LEONARD R. MEDLEY, III
RONALD LEVINE                                        LEONARD R. MEDLEY, III
GA NO. 448736                                        SIGNED WITH EXPRESS PERMISSION
15000 SURVEYOR BLVD. SUITE 100                       GA NO. 500685
ADDISON, TX 75001                                    2839 PACES FERRY ROAD
Telephone: (404) 231-4567                            SUITE 850
Facsimile: (404) 231-4618                            ATLANTA, GA  30339
E-mail: GA.ND.ECF@BDFGROUP.COM                       ATTORNEY FOR DEBTOR
ATTORNEY FOR MOVANT

/s/ K. EDWARD SAFIR
K. EDWARD SAFIR
SIGNED WITH EXPRESS PERMISSION
GA NO. 622149
191 PEACHTREE STREET NE
SUITE 2200
ATLANTA, GA 30303
CHAPTER 13 TRUSTEE

# DISTRIBUTION LIST

**DEBTORS:**
ANNE PETERS
135 BLUE HERON LANE
ALPHARETTA, GA 30004

ANNE PETERS
135 BLUE HERON LANE
ALPHARETTA, GA 30009

**TRUSTEE:**
MARY IDA TOWNSON
191 PEACHTREE STREET NE
SUITE 2200
ATLANTA, GA 30303-1740

**DEBTOR'S ATTORNEY:**
LEONARD R. MEDLEY, III
2839 PACES FERRY ROAD
SUITE 850
ATLANTA, GA 30339

**PARTIES IN INTEREST:**
None

**PARTIES REQUESTING NOTICE:**
ABBEY M. ULSH
15000 SURVEYOR BLVD.
SUITE 100
ADDISON, TX 75001